IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIORE INDUSTRIES, INC.,
a New Mexico Corporation,

      Plaintiff,

      v.                                                                                                                          Civ. No. 18-1218 SCY/JFR

John ERICSSON, an individual,
and ALGASTAR, INC., a Delaware
Corporation,

      Defendants.

## ORDER SETTING EVIDENTIARY HEARING

**THIS MATTER** is before the Court on Plaintiff's Sealed Motion For Default Judgment Or In The Alternative To Enforce Settlement And For Sanctions. Doc. 113. In the motion, Plaintiff argues that the "bad faith" actions of Defendants merit default judgment. Alternatively, Plaintiff states that the parties reached a binding settlement agreement on May 26, 2021 and requests a court order enforcing that settlement. In response, Defendants argue that Judge Robbenhaar has already entered sanctions for any alleged "bad faith" conduct during the settlement conference, and that material terms of the settlement were in dispute, such as adding the term "disability" to the personal guaranty from Defendant Ericsson; that Defendants had not agreed to pay any interest; and that Defendants had not agreed to waive their rights or have accusations of fraud resurrected. In addition, the parties both appear to agree that Defendant Ericsson pledged a patent as collateral to the settlement agreement, that this term is material to the settlement agreement, and that Defendant Ericsson transferred the patent to his sister prior to agreeing to use it as collateral.

"[C]ourts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment. Default judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Klein v. Harper*, 777 F.3d 1144, 1147-48 (10th Cir. 2015) (citations and internal quotation marks omitted). Before choosing default as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default judgment] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted).

The trial court also has "the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). However, "where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id*.

The Court will hold an evidentiary hearing on this motion **Wednesday, November 3, 2021, beginning at 9:30 a.m.** Due to the unique nature of the ongoing public health emergency related to COVID-19, and defense counsel's representation that witnesses would be required to travel from out-of-state for the hearing, the Court will conduct the hearing remotely via Zoom.[1]

---

[1] The federal rules provide that witness testimony "must be taken in open court." Fed. R. Civ. P. 43(a). If a party shows "good cause in compelling circumstances," the court "may permit testimony in open court by contemporaneous transmission from a different location." *Id.* "District courts have typically concluded that COVID-19-related health concerns justify requests to testify telephonically or through audiovisual means, despite one party's objections." *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1023 (D.N.M. 2020), *aff'd* 853 F. App'x 316 (10th Cir. 2021).

The parties shall file a list of any witnesses and/or exhibits they intend to present at the hearing no later than October 27, 2021.

**IT IS SO ORDERED.**

*(signature)*
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

The invitation to the Zoom meeting will be docketed as a separate docket entry and will be viewable only by the parties. Counsel are responsible for ensuring that each of their witnesses or participants have the information necessary to participate by Zoom. The Court asks that all participants log in to the Zoom conference five minutes prior to the starting time in case there are any technical issues that need to be addressed prior to the conference.

**REMINDER: Recording or broadcasting of this conference is prohibited.** *See* D.N.M.LR-Civ. 83.1.